## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUZANNE LAVENDER | ) Case No.: |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) COMPLAINT |
| | ) |
| | ) |
| CAPITAL ONE BANK USA, N.A.; | ) |
| EQUIFAX INFORMATION SERVICES, | ) |
| LLC; EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC.; and TRANSUNION, | ) |
| LLC; | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

Plaintiff, Suzanne Lavender (hereinafter "Plaintiff" or "Lavender") alleges:

## PRELIMINARY STATEMENT

1.  This is an action for damages arising from violations of the Fair Credit Reporting Act, 15 U.S.C.

    §1681 *et seq.* (hereinafter "FCRA").

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.  Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.  Plaintiff is a natural person who at all relevant times has resided in Chester County,

    Pennsylvania.

5.  Defendant The Bureaus, Inc.. ("The Bureaus") is a business entity that regularly conducts business in Pennsylvania and has its corporate headquarters at 1717 Central Street Evanston, Illinois 60201. The Bureaus regularly and in the ordinary course of business furnishes information to various consumer reporting agencies regarding The Bureaus transactions with consumers, and is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b).

6.  Defendant Capital One Bank USA, N.A. ("Capital One") is a business entity that regularly conducts business in Pennsylvania and has its corporate headquarters at 1680 Capital One Drive, McLean, VA 22102. Capital One regularly and in the ordinary course of business furnishes information to various consumer reporting agencies regarding Capital One's transactions with consumers, and is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b).

7.  Defendant Equifax Information Services, LLC ("Equifax") is a business entity that regularly conducts business in Pennsylvania with its principal place of business as 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

8.  Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in Pennsylvania with its principal place of business as 475 Anton Blvd. Costa Mesa, California 92626. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

9. Defendant, TransUnion, LLC ("Trans Union"), is a business entity that regularly conducts business in Pennsylvania with its principal place of business as 555 West Adams, Chicago, Illinois 60661. TransUnion is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

## FCRA BACKGROUND

10. There are two types of reporting entities on consumer credit reports. One type of reporting entity is the credit reporting agency ("CRA"), which reports information about the Plaintiff to users of these credit reports. The second type is called a Furnisher in the credit reporting industry. A Furnisher is a creditor that furnishes information related to its experience with the Plaintiff to the CRAs.

11. Credit reporting activities of both the CRAs and Furnishers are regulated by the FCRA.

12. The FCRA's purpose is to ensure that CRAs and Furnishers follow proper procedure in ensuring that a consumer's credit report is reporting accurately.

13. Every credit report contains a number of lines representing a placeholder for a specific Furnisher to report about a debt or credit line incurred by a consumer. These lines are known as trade lines.

## FACTUAL STATEMENT

14. Plaintiff is the victim of identity theft.

15. On a date better known by Defendants, Plaintiff's identity thief fraudulently made charges to Plaintiff's Capital One credit card with an account number 51780595**** ("Capital One Account").

16. On or about August 2019, during the course of applying for credit, Plaintiff discovered that the Capital One was being reported as a derogatory account on her credit file.

17. Plaintiff was mortified reached out to the credit reporting agencies to inform them that the Capital One Account contained fraudulent charges not authorized by Plaintiff. Plaintiff also submitted evidence that the Capital One Account credit card was stolen in an act of theft.

18. On September 26, 2019, Plaintiff submitted a dispute letter to Defendant Experian disputing the Capital One Account as containing fraudulent charges.

19. After receiving Plaintiff's dispute letter, Defendant Experian forwarded Plaintiff's dispute to Capital One.

20. Capital One paid no regard to Plaintiff's identity theft dispute, and continued to report negative information to the credit reporting agencies.

21. Defendant Experian failed to conduct a reasonable investigation into Plaintiff's dispute, and verified the erroneous information. Defendant provided Plaintiff with the results which were not received until October 28, 2021.

22. Thereafter, on October 31, 2021, Plaintiff submitted a dispute letter to Defendant Equifax, Experian and TransUnion, disputing the Capital One Account as containing fraudulent charges.

23. After receiving Plaintiff's dispute letter, Defendants Equifax, Experian and TransUnion forwarded Plaintiff's dispute to Capital One.

24. Capital One paid no regard to Plaintiff's identity theft dispute, and continued to report negative information to the credit reporting agencies.

25. Defendants Equifax, Experian, and TransUnion failed to conduct a reasonable investigation into Plaintiff's dispute, and verified the erroneous information.

26. In response to both the October and September dispute, Defendant Capital One failed to conduct a reasonable investigation into Plaintiff's dispute, and verified the erroneous information.

27. Plaintiff has suffered financial and emotional harm as a result of Defendants' credit reportings which have harmed her credit.

**COUNT I**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**AS TO CAPITAL ONE**

28.  Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

29. At all times pertinent hereto, Capital One was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

30. Capital One willfully and negligently supplied Equifax, Experian and TransUnion with information about Plaintiff that was false, misleading, and inaccurate.

31. Capital One willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed, and continued to report the false trade lines. Had it conducted a reasonable investigation, it would have learned that the accounts contained fraudulent charges.

32. Capital One willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

33. Capital One willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

34. Capital One willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

35. Capital One willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b), including the failure the mark the debt as in dispute.

36. Capital One 's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Capital One was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Capital One for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## AS TO EQUIFAX INFORMATION SERVICES, LLC

37. Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

38. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

39. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

40. Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

41. After receiving Plaintiff's dispute highlighting the errors, Equifax negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

42. After receiving Plaintiff's dispute with the evidence of identity theft, Equifax negligently and willfully failed to block the information being reported as required by 15 U.S.C. § 1681c.

43. As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

44. Equifax's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

   **WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## AS TO EXPERIAN INFORMATION SOLUTIONS, INC.

45. Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

46. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

47. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

48. Experian negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

49. After receiving Plaintiff's dispute highlighting the errors, Experian negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

50. After receiving Plaintiff's dispute with the evidence of identity theft, Experian negligently and willfully failed to block the information being reported as required by 15 U.S.C. § 1681c.

51. As a direct and proximate cause of Experian's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

52. Experian's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

**COUNT IV**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**AS TO TRANSUNION, LLC**

53. Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

54. Defendant TransUnion prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

55. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

56. TransUnion negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

57. After receiving Plaintiff's dispute highlighting the errors, TransUnion negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

58. After receiving Plaintiff's dispute with the evidence of identity theft, TransUnion negligently and willfully failed to block the information being reported as required by 15 U.S.C. § 1681c.

59. As a direct and proximate cause of TransUnion's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

60. TransUnion's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, TransUnion was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against TransUnion for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## <u>JURY TRIAL DEMAND</u>

Plaintiff demands a jury trial on all issues so triable.

Dated this 27th day of October 2021

Respectfully Submitted,

*/s/ Nicholas Linker*
Nicholas Linker, Esq.
**Zemel Law LLC**
660 Broadway

9

Paterson, New Jersey 07514
(P) (862) 227-3106
nl@zemellawllc.com
Attorneys for Plaintiff